IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**ARNOLD CLAYTON,**

   **Petitioner,**

v.                Case No.: 1:22-cv-00104

**WARDEN, FCI McDowell,**

   **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

On February 28, 2022, Arnold Clayton filed an Emergency Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). This case is assigned to the Honorable David A. Faber, United States District Judge, and by standing order is referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **DENY** Clayton's Emergency Petition for a Writ of Habeas Corpus, **DISMISS** this action, and **REMOVE** it from the docket of the Court.

**I. Introduction**

At the time Clayton filed the instant habeas petition, he was incarcerated at the Federal Correctional Institution located in McDowell County, West Virginia ("FPC

McDowell"). According to the Federal Bureau of Prisons inmate locator application, Clayton is now housed at the Federal Correctional Institution located in Ashland, Kentucky. ("FCI Ashland").

In his petition for habeas relief, Clayton complains that (1) he is not receiving proper medical treatment, (2) he is being housed with inmates who are positive for COVID-19, (3) he has been on lockdown for an extended period of time, (4) he has been denied access to the courts, the legal library, attorney communications, and the administrative remedy process, and (5) that he has not been transferred to a medical facility where he could be treated for his many chronic medical conditions. (ECF No. 1). For relief, Clayton requests a medical evaluation, early compassionate release, $4 million in compensatory damages, $4 million in punitive damages, and to be "shipped to a minimum custody camp in Jesup [sic], CA close to home." (ECF No. 1-2 at 2).

On March 7, 2022, the undersigned entered an Order explaining to Clayton that his claims were not cognizable in an action seeking habeas relief, but were more properly asserted in a civil rights complaint. (ECF No. 4). Clayton was instructed to complete the proper paperwork, and either pay the filing fee or submit an Application to Proceed Without Prepayment of Fees and Costs. (*Id.* at 1-2). He was also advised that motions seeking compassionate release should be directed to the Court that sentenced him. Clayton was not sentenced in this Court. (*Id.* at 2). Clayton was supplied with the proper forms and instructions and given thirty (30) days to file the complaint. (*Id.* at 1-3). He was also instructed to advise the Clerk of Court if he had any change of address. Clayton did not comply with the Order, and he is no longer in this judicial district.

## II.     Discussion

A petition for a writ of habeas corpus is the mechanism by which a prisoner disputes the "fact or duration" of his confinement. *Preiser v. Rodriguez,* 411 U.S. 475, 498–99 (1973). Generally, a motion filed under 28 U.S.C. § 2255 attacks the validity of a federal conviction or sentence, *Rice v. Rivera,* 617 F.3d 802, 807 (4th Cir.2010), while a petition under section 2241 challenges the execution of a sentence. *United States v. Little,* 392 F.3d 671, 679 (4th Cir. 2004) (citing *In re Vial,* 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997)). When a prisoner attempts only to alter the conditions of his confinement, rather than the duration of his sentence, the appropriate vehicle is a civil rights action. *Preiser,* 411 U.S. at 494, 498–99; *also Wilborn v. Mansukhani,* 795 Fed. Appx. 157, 164 (4th Cir. 2019) (agreeing with the majority of circuits that have addressed whether conditions of confinement claims can be brought in a habeas proceeding and have decided that they cannot.).

Here, Clayton complains exclusively about the conditions of his confinement at FCI McDowell. (ECF No. 1). Such claims do not challenge the fact or duration of his sentence, nor the validity of his conviction. Accordingly, the undersigned **FINDS** that Clayton fails to state a claim for habeas relief. *See Hallinan v. Scarantino,* 466 F. Supp. 3d. 587, 602 (E.D.N.C. 2020) (holding that inmates seeking release from confinement due to prison conditions do not state habeas claims, because complaints related to the conditions of confinement do not challenge the *validity* of confinement.); *Toure v. Hott,* 458 F. Supp. 3d 387, 398-88 (E.D. Va. 2020) (examining the split among circuits and holding that claims which challenge the conditions of confinement fall outside the "core"

3

of habeas proceedings); *Crooker v. Stewart*, No. CIV.A. ELH-14-1972, 2015 WL 1210209, at *3 (D. Md. Mar. 13, 2015) (acknowledging the circuit split, but noting that "the Fourth Circuit has said that where a petitioner does not assert entitlement to release, the claim is properly treated as a suit under 42 U.S.C. § 1983, or in the case of a federal inmate, a *Bivens* claim.") (citing as an example, *Braddy v. Wilson,* 580 Fed. Appx. 172 (4th Cir.2014)).

### III.  Proposal and Recommendations

For the forgoing reasons, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that Petitioner's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) be **DENIED,** and this action be **DISMISSED** and **REMOVED** from the docket of the court.

Petitioner is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

4

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Faber and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner at FCI Ashland.

**FILED:** May 9, 2022

Cheryl A. Eifert
United States Magistrate Judge